IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MCKINSEY PIGGEE, JR.
AND EARLINE PIGGEE                                                      PLAINTIFFS

V.                                    NO. 4:07CV00605

PATTERSON MEDICAL PRODUCTS, INC.
D/B/A SAMMONS PRESTON, INC.;
PATTERSON COMPANIES, INC.;
PATTERSON MEDICAL HOLDINGS, INC.;
PATTERSON MEDICAL HOLDINGS, INC.
D/B/A SAMMONS PRESTON ROLYLAN;
ITO CO., LTD.; JOHN DOE I; JOHN DOE
II; AND JOHN DOE III                                                    DEFENDANTS

## ORDER DENYING MOTION TO DISMISS

Pending is the Motion to Dismiss of Ito Co., Ltd. ("Ito"). Plaintiffs and co-defendants have responded, replies and sur-replies have been filed. For the reasons set forth below, the Motion is DENIED.

When ruling on a motion to dismiss under Rule 12(b)(2), the Court must look at the facts relevant to the issue of jurisdiction in the light most favorable to the non-movant, give it the benefit of all reasonable inferences from these facts, and deny the motion to dismiss if the record, viewed in this way, raises any genuine issue of fact material to the issue of jurisdiction. The nonmoving party need only make a prima facie showing of jurisdiction. *See Dakota Indus., Inc. v. Dakota Sportswear Inc.*, 946 F.2d 1384, 1387 (8th Cir.1991). If jurisdiction is controverted, the plaintiff has the burden of proving facts supporting personal jurisdiction. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir.2004). "The plaintiff's 'prima facie showing' must be tested, not by the pleading alone, but by the affidavits and exhibits presented with the motions

and opposition thereto." *Id*. (quotation and citation omitted).

"To determine whether a court has personal jurisdiction over a nonresident defendant, we ask two questions: (1) whether the applicable state long-arm statute . . . is satisfied; and (2) whether a court's exercise of jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment." *Minn. Mining and Manuf. Co. v. Nippon Carbide,* 63 F.3d 694, 696-97 (8th Cir. 1995). The Eighth Circuit has recognized that the "Arkansas long-arm statute authorizes jurisdiction over foreign corporations to the fullest extent allowed by constitutional due process. Therefore, our inquiry devolves into the single question whether the exercise of personal jurisdiction comports with due process." *Burlington Ind., Inc. v. Maples Ind., Inc.,* 97 F.3d 1100, 1102 (8th Cir. 1996).

Due process requires a defendant to have such minimum contacts with the forum state that the maintenance of a suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "Whether minimum contacts are sufficient depends on whether the defendant, by some act, purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws. This test is met if a defendant has deliberately engaged in activities, such as having created continuing obligations, within a state, and such actions invoke the benefits and protection of a state's laws." *Minn. Mining & Manuf.*, 63 F.3d at 697 (internal citations omitted).

> Once it has been decided that a defendant purposefully established contacts with a forum state, these contacts must be considered in light of other factors to determine whether the assertion of personal jurisdiction would agree with fair play and substantial justice. There are three primary factors which are to be considered: (1) the nature and quality of the contacts, (2) the quantity of the contacts, and (3) the relation of the cause of action to the

>contacts.  In addition to those considerations, there are two secondary factors as well: the interest of the forum state in the litigation and the convenience or inconvenience of the parties.

*Id.*  The third factor relates to whether there is specific or general jurisdiction.  "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose."  *Burlington Ind. Inc.,* 97 F.3d at 1103.

Personal jurisdiction may be exercised consonant with due process "over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286,  297-98 (1980).  Although the mere placement of a product into the stream of commerce, without more, is insufficient to constitute purposeful availment,  *Dever*, 380 F.3d at 1075, the Court has recognized a state's exercise of jurisdiction over a seller who delivered its products to a regional distributor with an expectation that the distributor would penetrate the forum state. *See Vandelune v. 4B Elevator Components Unlimited*, 148 F.3d 943, 948 (8th Cir. 1998) and *Clune v. Alimak AB*, 233 F.3d 538 (8th Cir. 2000).

The incident at issue herein occurred on July 6, 2004 at the Baptist Health Therapy Center in Little Rock, Arkansas.  Plaintiff, McKinsey Piggee, Jr. claims that he was injured while using a TM-300 traction machine for purposes of physical therapy.  In July 2001, Smith & Nephew, Inc., became the exclusive United States distributor for the TM 300 traction unit manufactured by Ito Company, Ltd. a Japanese corporation.  AbilityOne Corporation, doing business under the names Sammons Preston and Sammons Preston Roylan and later known as Patterson Medical

Products, Inc. d/b/a Sammons Preston[1], became the exclusive United States distributor for Ito of the TM 300 traction unit when it acquired Smith & Nephew Inc.'s worldwide rehab business in March 2002.  In order to sell its products in the United States, Ito registered with the Food and Drug Administration.   PMHI's agreement with Ito includes a Continuing Guaranty which requires that Ito provide insurance and name the distributor as an additional insured and states that Ito agrees to indemnify and hold harmless the distributor from any products liability claims. A User Manual prepared by Ito in English is included in the package containing each traction unit.  Ito places no limitations on where its products are to be distributed in the United States.  Ito delivers the traction units to PMHI facilities in the United States and PMHI then distributes the units to customers throughout the United States including Arkansas.  Ito employees and representatives have visited Patterson in the United States to discuss the sale of its products and were made aware that Ito's products were being sold to customers throughout the United States. Ito claims that PMHI was not a distributor of its products rather, it was a retailer, it has no input into the decision making process regarding the sale of its products and it received no additional commissions on subsequent sales.  Additionally, Ito claims that the units sold reflected the Smith & Nephew brand name and Smith & Nephew participated in drafting the User Manual.

   The Court finds that the Plaintiffs have raised a genuine issue of material fact as to the Court's jurisdiction over Ito Co., Ltd.    The Court finds that Ito did more than simply place its

---

[1]Patterson Medical Products, Inc. d/b/a Sammons Preston, merged into Patterson Medical Holdings, Inc. in April 2006 and no longer exists.  Patterson Companies, Inc. is a holding company with no involvement in the sale of traction devices.  Patterson Medical Holdings, Inc. ("PMHI") is a subsidiary of Patterson Companies, Inc. and is the surviving entity after the merger with Patterson Medical Products, Inc. and is the successor in interest to the assets and liabilities of AbilityOne Corporation and Patterson Medical Products, Inc.

product in the stream of commerce. Ito contracted with PMHI as the exclusive distributor of its products in the United States; it provided its User Manual in English; it placed no limitation on where its products were sold, and it visited PMHI and was made aware that its products were being sold throughout the United States. "A foreign manufacturer that successfully employs one or two distributors to cover the United States intends to reap the benefit of sales in every state where those distributors market." *Clune* at 544. As in *Clune*, the Court is not persuaded by Ito's argument that it was unaware of what happened to its products after they left Japan. "Such ignorance defies reason and could aptly be described as 'wilful.'" *Id.*, citing *Barone v. Rich Bros. Interstate Display Fireworks Co.,* 25 F. 3d 610, 613 (8th Cir. 1994). These facts create a question of fact as to whether Ito Co., Ltd. deliberately engaged in activities within the State of Arkansas, the nature and quality of its contacts with the State, and the quantity of these contacts. As the Eighth Circuit has stated, "a complaint should not be dismissed for want of jurisdiction, before trial, if there is any genuine issue as to any fact material to the jurisdictional question." *Radaszewski by Radaszewski v. Telecom Corp.,* 981 F.2d 305, 309 (8th Cir. 1992).

      Therefore, the Court finds that Defendant Ito's Motion to Dismiss (Docket # 26) should be, and hereby is, DENIED.

      IT IS SO ORDERED this 29th day of April, 2008.

      _____
      James M. Moody
      United States District Judge