**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**MCKINSEY PIGGEE, JR.**
**AND EARLINE PIGGEE**                                              **PLAINTIFFS**

**V.**                              **NO. 4:07CV00605**

**PATTERSON MEDICAL HOLDINGS, INC.;**
**ITO CO., LTD.; JOHN DOE I; JOHN DOE**
**II; AND JOHN DOE III**                                            **DEFENDANTS**

**BAPTIST HEALTH d/b/a BAPTIST HEALTH**
**THERAPY CENTER; AND TOD DALBY**                    **THIRD PARTY**
                                                                    **DEFENDANTS**


**<u>ORDER</u>**

Pending are Plaintiffs' motions in limine.  (Docket #'s 83 and 84).  Plaintiffs' first

motion, docket # 83, requests that the Court preclude the admission of evidence or testimony

relating to the following: (1) social security benefits received by McKinsey Piggee, (2) the

possible retirement of Earlene Piggee, (3) Mr. Piggee's sick leave, (4) a bankruptcy in 2005, (5)

attorneys used by Mr. Piggee in the past, (6) a divorce action and materials related thereto, and

(7) traffic violations.  Defendants argue that evidence relating to the fact that Mr. Piggee has been

deemed disabled by the Social Security Administration for purposes of receiving disability

benefits, for reasons unrelated to this incident, is relevant and admissible.  Otherwise, the

Defendants do not object to the remaining portions of Plaintiffs' motion, unless developments at

trial "open the door" to the admissibility of the topics.

The Court will make a determination of the admissibility of evidence and testimony

relating to any social security benefits received by Mr. Piggee at the time of trial.  The relevance,

if any, of this information is directly related to the damages claimed and theories of liability

argued by Plaintiffs. The remainder of Plaintiffs' motion in limine, docket # 83,  is granted.  If circumstances arise during the trial which Defendants argue would make the precluded topics relevant, the Defendants should advise the Court at that time.

Plaintiffs' second motion in limine, docket # 84, requests the preclusion of certain information relating to Earlene Piggee.  Defendants do not object to the motion unless circumstances arise at trial which "opens the door" to the admissibility of the information. Accordingly, Plaintiffs' motion in limine, docket # 84 is granted.  If circumstances arise during the trial which Defendants argue would make the precluded topics relevant the Defendants should advise the Court at that time.

IT IS SO ORDERED this 26th day of September, 2008.

James M. Moody
United States District Judge